CARAWAY, J.,
concurring.
Li join in agreement with the majority’s ruling interpreting the special Title 3 timber trespass statutes. Co-ownership is not the same as sole ownership, but it is still ownership which removes any notion of trespass.
I write to address further the Civil Code articles on co-ownership, and in particular, a co-owner’s violation of the joint management requirement of Article 801. That article provides:
The use and management of the thing held in indivisión is determined by agreement of all the co-owners.
In this case, there was no agreement by the co-owners for the management of their timberland and a violation of Article 801 occurred. Nevertheless, based upon the implications of the other Civil Code articles governing the co-ownership regime, any violation of the joint management rule of Article 801 is regulated by the Civil Code and not remedied with the imposition of punitive damages.
For various reasons a co-owner may violate the joint management rule, whether innocently or deliberately. There are disagreements and the lack of communication which inherently exist between co-owners. The co-owner may act unilaterally on the mistaken belief that the cutting of timber *308 is necessary to preserve the property. See La. C.C. art. 800. The thinning of closely planted pine timber may be necessary at a certain age of the timber. The tract may have been damaged by a storm or the infestation of insects. Just as our courts have difficulty characterizing the revenues from a properly managed pine timber tract as either a “product” or “fruit” of the land, a co-owner may view the timber as a crop to be harvested in a timely 12manner and act without the agreement of all other co-owners. While this will be a violation of the joint management rule of Article 801 in most instances, the co-owner is still acting in his own economic best interests which coincide with those of his co-owners. The Civil Code implicitly recognizes that this type of violation of Article 801 may occur and provides for the rule of reimbursement in Article 798. See also, La. C.C. art. 804 regarding the remedies for a co-owner’s alteration and improvement of the co-owned property without the consent of the other co-owners. The code further provides for reimbursement for damages which a co-owner causes to the property. La. C.C. art. 799. Finally, when co-owners cannot agree and the type of controversy of this case erupts, the right of partition is the primary remedy for ending the conflict between them. La. C.C. art. 807. The Civil Code articles on co-ownership therefore provide a complete framework for remedying disputes between co-owners which afford the plaintiffs their remedy in this case without resort to a strained and improper interpretation of the timber trespass statutes.